UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| STACY D. BROWN, | : | |
|---|---|---|
| | : | CIVIL ACTION NO. 17-1448 (MLC) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| CITY OF GREENVILLE, DOUGLAS RAY | : | |
| CREDLE, HATTERAS HAMMOCKS, INC. | : | |
| d/b/a THE HAMMOCK SOURCE; JEFFREY | : | |
| REID RONEY, and JOHN DOES 1-4, | : | |
| | : | |
| Defendants. | : | |

**COOPER, District Judge**

This matter comes before the Court upon two motions to dismiss. Defendants Hatteras Hammocks, Inc. d/b/a The Hammock Source ("Hatteras") and Jeffrey Reid Roney ("Roney") move to dismiss Plaintiff Stacy D. Brown's ("Plaintiff") Complaint for lack of personal jurisdiction and improper venue. (Dkt. 7.)[1] Defendants City of Greenville and Douglas Ray Credle ("Credle") move to dismiss Plaintiff's Complaint for lack of personal jurisdiction. (Dkt. 8.) Plaintiff did not file an opposition to either motion. The Court has considered the parties' submissions, and decides the motions

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by referring to the docket entry numbers by the designation of "dkt." Pincites reference ECF pagination.

1

without oral argument pursuant to Local Civil Rule 78.1. For the reasons discussed below, the Defendants'[2] motions are granted.

I.  BACKGROUND

This is an action to recover damages for personal injuries allegedly sustained by Plaintiff on September 23, 2015, when he was involved in a motor vehicle accident that occurred in Greenville, North Carolina. Plaintiff was a passenger in a bus owned by Defendant City of Greenville and operated by Defendant Credle. (Dkt. 1 at 1.) Defendant Roney was operating a motor vehicle owned by Defendant Hatteras, when he allegedly struck the bus Plaintiff occupied, causing the accident. (Id. at 1-2.) Plaintiff's Complaint includes a common-law negligence cause of action against the Defendants. (Id. at 1-3.)

Shortly after the filing of the Complaint, we issued an Order to Show Cause why the Complaint should not be dismissed for lack of subject matter jurisdiction. (Dkt. 4.) Plaintiff's Complaint did not include a "short and plain statement of the grounds for the court's jurisdiction" as required by Fed. R. Civ. P. 8(a)(1). In addition, the civil cover sheet filed with the Complaint indicated that Plaintiff's intended basis for jurisdiction was federal question; however, there was no averment in the Complaint invoking the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331.

Plaintiff responded to our Order to Show Cause and submitted that we have diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely

---

[2] We will refer to Defendants Hatteras, Roney, City of Greenville, and Credle collectively as "Defendants" unless otherwise specified.

diverse and the amount in controversy exceeds $75,000. (Dkt. 5.) Plaintiff's response indicated that Plaintiff is a resident of the State of New Jersey; Defendant City of Greenville is a "North Carolina Public Entity;" Defendant Credle is a resident of the State of North Carolina; Defendant Hatteras is a North Carolina Corporation with a principal place of business in Greenville, North Carolina; and Defendant Roney is a resident of the State of Alabama. (Dkt. 5 at 2.) Satisfied with this response, we vacated our Order to Show Cause. (Dkt. 6.)

The Defendants have now moved to dismiss this action for lack of personal jurisdiction and improper venue. Plaintiff does not oppose the motions.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(k)(1), a federal district court has personal jurisdiction over a non-resident defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1). New Jersey's long-arm statute permits the exercise of personal jurisdiction over non-resident defendant to the full extent allowed under the Due Process Clause of the Fourteenth Amendment. See N.J. Ct. R. 4:4-4; Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 145 (3d Cir. 1992). For the exercise of jurisdiction to satisfy due process, there must be "minimum contacts" between a non-resident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." J. McIntyre Machinery, Ltd. v. Nicastro, 564 U.S. 873, 880 (2011) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Generally, the suit must either arise out of or relate to a defendant's contacts with the forum state, which

3

allows the court to assert specific jurisdiction over a defendant, or the defendant must have "continuous and systematic forum affiliations" to meet the standard for general jurisdiction. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984); see also Daimler AG v. Bauman, 134 S. Ct. 746, 754 (2014) (discussing specific and general jurisdiction).

No such "minimum contacts" are present in this case as the Defendants do not appear to have any connection to New Jersey. Plaintiff's Complaint admits that all Defendants are located or reside outside of New Jersey. In addition, nothing in the record suggests that any of the defendants were served in state.[3]

Defendants Credle and City of Greenville have contended that they have no contacts with New Jersey, and these contentions have not been disputed. According to the Affidavit of Defendant Credle, he is a resident of Greenville, North Carolina. (Dkt. 8-6 at 2.) At the time of the September 23, 2015 accident, he was a resident of North Carolina. (Id.) He has never resided in New Jersey, has never owned property in New Jersey, and has not conducted any business in New Jersey. (Id. at 2-3.) Defendant Credle's only reported contact with New Jersey is a visit with family, approximately five to seven years ago. (Id.) According to the Affidavit of Barbara Lipscomb, the City Manager of Defendant City of Greenville, the City of Greenville is located entirely in Pitt County, North Carolina. (Dkt. 8-7 at 2-3.) Defendant City of Greenville does not have any business relationship or other contacts with the State of New Jersey. (Id. at 3.) "At

---

[3] Defendant Roney had not been served with the Complaint as of April 25, 2017. (See dkt. 7 at 17.)

all relevant times, the City of Greenville has not even had minor, random fortuitous or attenuated contacts with the State of New Jersey." (Id. at 4.)

Defendants Hatteras and Roney did not submit affidavits regarding their contacts with New Jersey in support of their motion. However, they sufficiently raised the question of personal jurisdiction. (See dkt. 7 at 16, 24.) When a defendant raises a personal jurisdiction objection, the plaintiff bears the burden of showing the jurisdiction is proper. Carteret Sav. Bank, 954 F.2d at 146. The plaintiff "need only establish a prima facie case of personal jurisdiction." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004); see also Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330-31 (3d Cir. 2009). The Plaintiff must, however, still "'prov[e] by affidavits or other competent evidence that jurisdiction is proper.'" Metcalfe, 566 F.3d at 330 (quoting Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996). "In other words, 'bare pleadings alone' are insufficient to withstand a motion to dismiss for lack of personal jurisdiction." Cerciello v. Canale, 563 F. App'x 924, 925 n.1 (3d Cir. 2014) (citation omitted). Here, Plaintiff has not met his evidentiary burden. Plaintiff failed to submit affidavits or other competent evidence in support of jurisdiction over Defendants, a failure which constitutes an adequate ground for dismissal by itself. See Jumpp v. Jerkins, No. 08-6268, 2010 WL 2773582, *3 (D.N.J. July 7, 2010).

Plaintiff's Complaint and response to our Order to Show Cause fail to establish even a prima facie case of personal jurisdiction over any of the Defendants. In short, we conclude that we lack general jurisdiction over the Defendants. Moreover, there is simply no indication that the suit arises out of or relates to Defendants' contacts with

New Jersey.  The dispute concerns a motor vehicle accident that occurred entirely in Greenville, North Carolina.  Based on the findings above, we conclude that we lack specific jurisdiction over the Defendants.

## III.     CONCLUSION

For the reasons above, the Court will grant Defendants' unopposed motions to dismiss this case for lack of personal jurisdiction.[4]  An appropriate Order follows.

 s/ Mary L. Cooper          
**MARY L. COOPER**  
United States District Judge

**Dated:**  June 26, 2017

---

[4]  Because we dismiss this action for lack of personal jurisdiction over the Defendants, we do not reach Defendants Hatteras and Roney's arguments related to improper venue pursuant to Fed. R. Civ. P. 12(b)(3).  In addition, we note that the only remaining defendants in this case are John Does (1-4).  According to Fed. R. Civ. P. 21, "parties may be dropped . . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just."  Fed. R. Civ. P. 21.  A court may drop unidentified defendants pursuant to this Rule.  See, e.g., Adams v. City of Camden, 461 F. Supp. 2d 263, 271 (D.N.J. 2006) (citing cases).  There is nothing before the Court to indicate that Plaintiff has identified or served these individuals.  The time for service under Fed. R. Civ. P. 4(m) expired on May 31, 2017.  Therefore, the Court exercises its discretion under Fed. R. Civ. P. 21 to dismiss Defendants John Does 1-4 from this action.